REQUESTED BY: Senator Don Wesely District 26
Whether it is constitutional to limit the Governor's selection of the membership of a state board from a list provided by a private association such as the State Firemen's Volunteer Association?
This is not constitutionally suspect as long as it does not unreasonably restrict the Governor's right to appoint pursuant to Article IV, Section 10, of the Nebraska Constitution.
You have requested an opinion regarding the constitutionality of amending LB 460 so that it would limit the Governor's appointments to the Board of Ambulance Advisors from a list of names submitted by the State Firemen's Volunteer Association. There is no information at our disposal as to the number of qualified candidates from which the Governor would be able to choose.
The Nebraska Constitution at Article IV, Section 10, grants to the Governor the power to make appointments to state offices, and provides in pertinent part:
The Governor shall appoint with the approval of a majority of the Legislature, all persons whose offices are established by the Constitution, or which may be created by law, and whose appointment or election is not otherwise by law or herein provided for; and no such person shall be appointed or elected by the Legislature. . . .
The Supreme Court applied this section of the Constitution in Wittler v. Baumgartner, 180 Neb. 446, 144 N.W.2d 62
(1966), overruled on other grounds, State ex. rel. Douglas v. Nebraska Mortgage Finance Fund, 204 Neb. 445,283 N.W.2d 12 (1979). There, the constitutionality of an act creating a public electric corporation whose membership was composed of public power districts within the state was questioned. By this act, the Legislature created a system by which the Governor was to appoint a board of directors. In essence, the state was divided into regions, each region being represented by a person serving on one of the constituent public power district board of directors. Clearly, of the nine regions from which members were selected for the board of directors, five of the regions were only represented by one person qualified to receive an appointment to the board of directors. The court recognized that the Legislature has the power to define the qualifications for an office. However, it concluded that this system violated Article IV, Section 10, of the Nebraska Constitution because it limited the Governor's power of appointment. In so doing, the court stated:
The right of the Legislature to prescribe reasonable qualifications of one to be appointed to office is not disputed. But the Legislature is prohibited by constitutional provision from appointing officers whose offices are created by law, either directly or indirectly. The provisions of the Act which limit the appointment of grid system directors by the Governor to a certain unnamed individual or to a limited few, is an encroachment by the Legislature upon the powers of the Governor, and is void as violative of ArticleIV, Section 10, of the Constitution of Nebraska. (Emphasis added.)
Thus, this language certainly raises a question as to the constitutionality of the proposed method of appointing members to the Board of Ambulance Advisors.
While we cannot say with certainty that the proposed method of appointing members to the Board of Ambulance Advisors is, per se, unconstitutional, there are some guidelines which should be considered. First, as indicated in Wittler, the list of candidates must contain more than one name. Moreover, the Governor's appointment choice must not be limited to just a "few" names. While this term is certainly ambiguous, we have advised in previous Attorney General Opinions that a list of three or fewer candidates is unconstitutional. See, Attorney General Opinion No. 227 (1978); Attorney General Opinion No. 151 (1979).
In short, there is no constitutional prohibition against the kind of legislation you have suggested as long as it does not unreasonably encroach upon the Governor's power to appoint by limiting the field of candidates from which the Governor may choose. Clearly, the Governor has the right to appoint individuals to state boards. Although it is the Legislature's prerogative to set forth the qualifications which candidates must have for a certain position, these qualifications may not be so stringent as to essentially predetermine the Governor's selection. That is, the Legislature cannot do indirectly what it cannot do directly. Gaffney v. State Department of Education, 192 Neb. 358,220 N.W.2d 550 (1974).
The proposed amendment to LB 460 would not be unconstitutional as long as the qualifications set by the Legislature for candidates to the Board of Ambulance Advisors are not too narrow so that only one person or "a limited few" are qualified for the appointment. The State Firemen's Volunteer Association should be required to submit a list to the Governor which includes the names of a number of qualified candidates for the position. In this manner, the Governor's constitutional right to appoint will not be unduly restricted.
Sincerely,
ROBERT M. SPIRE Attorney General
Lisa D. Martin-Price Assistant Attorney General